**In re ART SHIRT LTD., INC., Debtor.**

**(Jointly Administered With: The Cracker Barrel Dresses, Ltd. Bankruptcy No. 80–03429K Richard Todd, Inc. Bankruptcy No. 80–03430).**

**Louis W. FRYMAN, Esquire, Trustee of Art Shirt Ltd., Inc., Plaintiff,**

**v.**

**MANUFACTURERS HANOVER TRUST COMPANY, Defendant,**

**v.**

**Sidney L. SCHIRO, Third Party Defendant.**

**Bankruptcy No. 80–03428K. Adv. No. 82–2359K.**

United States Bankruptcy Court, E.D. Pennsylvania.

Nov. 29, 1984.

See also, Bkrtcy., 34 B.R. 918.

Jay Ochroch, Philadelphia, Pa., for debtor.

Leon Forman, David T. Braverman, Philadelphia, Pa., for Manufacturers Hanover Trust Co.

Louis W. Fryman, Philadelphia, Pa., trustee.

Steven T. Stern, Philadelphia, Pa., for Sidney Schiro.

Gary M. Schildhorn, Philadelphia, Pa., for trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This adversary proceeding was instituted by the Trustee of Art Shirt Ltd., Inc., to recover two alleged preferential payments from Manufacturers Hanover Trust Company ("defendant"). The defendant has filed a motion for summary judgment contending that it is entitled to judgment as a matter of law because the debtor was solvent on the dates of the alleged preferential transfers. *See* 11 U.S.C. § 547(b)(3). The Trustee opposes the motion and has produced an affidavit by an accountant stating that the debtor was insolvent on at least one of the relevant dates. Furthermore, the Trustee contends he has been denied an opportunity to conduct discovery.

Upon review of the various papers submitted in connection with the defendant's motion for summary judgment, we find that summary judgment is inappropriate because a genuine issue of material fact exists as to whether the debtor was insolvent on the dates of the transfers. We will also decide the discovery issue by denying the defendant's motion for a protective order and directing the defendant to comply with the Trustee's discovery request.

The facts as revealed by the papers are as follows:[1]

A voluntary petition under Chapter 11 of the Bankruptcy Code ("Code") was filed by Art Shirt Ltd., Inc. ("debtor") on December 24, 1980. Louis W. Fryman, Esquire, was appointed Trustee of the estate on January 27, 1981.

The Trustee commenced the instant adversary proceeding against Manufacturers Hanover Trust Company on September 28, 1982. The complaint seeks recovery from the defendant of two (2) payments, each in the amount of $650,000.00, on the basis that the payments are avoidable preferences under section 547(b) of the Code.[2] According to the allegations in the complaint, the first payment was made on September 30, 1980 and the second payment was made on October 14, 1980. Thus, both transfers occurred within the ninety (90) day period prior to the filing of the petition.

On October 28, 1982, the defendant answered the Trustee's complaint generally denying the allegations therein and raising various affirmative defenses, including the defense of solvency of the debtor.

On December 6, 1982, the defendant propounded its first discovery request to the Trustee. The Trustee answered the defendant's interrogatories and request for production of documents on December 30, 1982.

Interrogatory No. 8 specifically requested the Trustee to "state each and every fact which you claim supports the allegation ... that Art Shirt was insolvent on

---

1. This Opinion constitutes the findings of fact and conclusions of law as required by Bankruptcy Rule 7052 of the Rules of Bankruptcy Procedure.

2. Section 547(b) is the operative provision of the section, authorizing the trustee to avoid a transfer if five (5) conditions are met. These are the five (5) elements of a preference action. Subsection (b) provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
  (1) to or for the benefit of a creditor;
  (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
  (3) made while the debtor was insolvent;
  (4) made—

(A) on or within 90 days before the date of the filing of the petition; or
(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—
  (i) was an insider; and
  (ii) had reasonable cause to believe the debtor was involvent at the time of such transfer; and
(5) that enables such creditor to receive more than such creditor would receive if—
  (A) the case were a case under chapter 7 of this title;
  (B) the transfer had not been made; and
  (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

October 14, 1982 ...". The Trustee responded to the interrogatory "See section 547(f) of the Bankruptcy Code."[3]

Several months later, a discovery dispute arose when the Trustee sought to depose an officer of the defendant and to obtain certain documents in the possession of the defendant. When counsel for the defendant refused to respond to the Trustee's notice of deposition[4] and motion for production of documents,[5] the Trustee filed a motion to compel discovery pursuant to Fed.R.Civ.P. 37 and Bankruptcy Rule 7037.

■ In the defendant's motion for a protective order filed with the Court on December 6, 1983, the defendant gives the following reason for opposing the Trustee's discovery request. Because insolvency of the debtor on the date of transfer is one of the requisites of a successful preference action, the Trustee will have to show that the debtor was insolvent on the dates of the transfers in order to prevail. The defendant claims that the evidence produced so far establishes the debtor's solvency on the relevant dates. Therefore, the defendant contends that:

> "Unless and until the trustee produces an accountant's report purporting to demonstrate the debtor's insolvency as of the date of the alleged preferential payment to defendant, it is fundamentally unfair to require defendant to disrupt its business and incur the costs in connection with producing a designated representative for deposition." Paragraph 6, Defendant's Motion for a Protective Order.

The defendant's motion for summary judgment filed on January 17, 1984, is also premised on the assertion that the Trustee will not have any evidence available at trial to demonstrate the debtor's insolvency.

■ The standard of review for a summary judgment motion is set forth in Rule 56 of the Federal Rules of Civil Procedure which is applicable to this proceeding under Bankruptcy Rule 7056. Fed.R.Civ.P. 56 allows the Court to grant summary judgment if it determines from examination of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, that no genuine issue as to a material fact remains for trial and that the moving party is entitled to judgment as a matter of law. The purpose of the rule is to eliminate a trial in cases where it is unnecessary and would only cause delay and expense. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion. The non-movant's allegations must be taken as true and, when these assertions conflict with those of the movant, the former must receive the benefit of the doubt. *Id.*

The United States Court of Appeals for the Third Circuit has characterized summary judgment as a "drastic remedy", and has stated that courts are to resolve any doubts as to the existence of genuine issues of fact against the moving parties. *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3d Cir.1981).

In opposing a motion for summary judgment, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as

---

**3.** Subsection (f) of section 547 creates a presumption of insolvency for the 90 days preceding the bankruptcy case. The presumption is as defined in Rule 301 of the Federal Rules of Evidence (Title 28, Judiciary and Judicial Procedure) made applicable in bankruptcy cases by sections 224 and 225 of the bill. The presumption requires the party against whom the presumption exists to come forward with some evidence to rebut the presumption, but the burden of proof remains on the party in whose favor the presumption exists. Notes of Commit-

tee on the Judiciary, Senate Report No. 95–989, U.S.Code Cong. & Admin.News 1978, p. 5787.

**4.** Fed.R.Civ.P. 30 "Depositions Upon Oral Examination" applies to adversary proceedings through Bankruptcy Rule 7030.

**5.** Fed.R.Civ.P. 34 "Production of Documents ..." applies to adversary proceedings through Bankruptcy Rule 7034.

otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

"[W]hen the party opposing the motion has not been dilatory in seeking discovery, summary judgment should not be granted when he is denied reasonable access to potentially favorable information." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438 (2d Cir.1980).

Both of the parties in the case at bench have submitted affidavits in support of their respective positions. An affidavit of the Chief Executive Officer of the debtor, Richard B. Schiro, was submitted in support of the defendant's motion for summary judgment. The affidavit of Mr. Schiro states that the assets of the debtor exceeded its liabilities on September 30, 1980 and on October 31, 1980. The factual information used by Mr. Schiro to support this conclusion was derived from financial worksheets prepared by the corporation's independent certified public accountants and the corporation's Controller.

An affidavit of Dennis J. Shusman of the accounting firm of Alan I. Levitt & Co. was submitted with the Trustee's answer to the motion for summary judgment. Levitt & Co. was employed by the Trustee specifically for the purpose of investigating the financial condition of the debtor on the dates of the payments to the defendant. The affidavit of Mr. Shusman states that as a result of the firm's examination of the information available to date, it is the opinion of the firm that the debtor was insolvent on October 14, 1980; however, the firm has not ascertained the solvency or insolvency of the debtor on September 30, 1980. The affidavit also states that the firm is in the process of preparing a final draft of a report which will include an in-depth analysis of the financial condition of the debtor immediately prior to the bankruptcy filing. No figures or financial analysis are provided in the affidavit, nor does the affidavit describe the standard applied to determine the solvency or insolvency of the debtor.

■ The defendant contends that expert opinion evidence without specific facts to show how the opinion was arrived at is insufficient to defeat a motion for summary judgment. The case law on this issue, however, appears to hold otherwise.

In the case of *Paton v. LaPrade*, 524 F.2d 862 (3d Cir.1975), the defendant moved for summary judgment on the basis that the plaintiff was unable to demonstrate any compensable harm. In response to the motion, the plaintiff submitted affidavits containing the opinions of three (3) social scientists that the plaintiff had suffered or might suffer in the future the type of injury alleged in the complaint. The Court held that the affidavits could not be disregarded on a motion for summary judgment:

"These affidavits may not have much substantive weight but they may not be disregarded on a motion for summary judgment ... Defendants attack the experts' affidavits as worthless because not based on personal knowledge ... The policy behind Rule 56(e) is 'to allow the affidavit to contain all evidentiary matters which, if the affiant were in court and testifying on the witness stand, would be admissible as part of his testimony.' .... Opinion testimony that would be admissible at the actual trial may be submitted in an affidavit .... The opinion of Paton's experts based on relevant hypothetical facts supplied by her counsel would be admissible at trial if the facts were supported by the evidence ... More importantly, where, as here, the affidavits are submitted to oppose the grant of summary judgment, opinion evidence is appropriately considered to support the existence of a disputed issue of fact." (citations omitted)

*Id.* at 871.

The United States Court of Appeal for the Eighth Circuit has also addressed the issue of the weight to be accorded to expert opinion when offered in opposition to a summary judgment motion. In *Hughes v. American Jawa, Ltd.*, 529 F.2d 21 (8th Cir.1976), the plaintiff relied on the testimony of an expert in opposing a motion for

summary judgment. The defendant argued that the opinion was speculative. In reversing the District Court's decision on appeal, the Court of Appeals stated:

"Defendant contends that the purely conjectural nature of plaintiff's proof mandates that it be disregarded. However, we do not think this conclusive characterization of Dr. Gatley's testimony can be made in a summary judgment proceeding. Dr. Gatley had adequate qualifications to testify as an expert. His opinion and the basis or reasons therefor were for the consideration of the trier of fact, be it court or jury, and did not present a proper issue to be resolved by means of the summary judgment procedure."

*Id.* at 25.

In the matter before us, the Trustee's expert has stated that he will testify as to the debtor's insolvency on October 14, 1980. Even though the defendant may question the basis for the conclusion of the accountant, a genuine issue of material fact has been raised by the Trustee. The Trustee's accountant has set forth his qualifications to testify as an expert in the first paragraph of the affidavit. Whether the expert's opinion can be substantiated by facts is a matter for the consideration of the trier of fact and is not a proper issue to be resolved by means of a summary judgment motion. We conclude that summary judgment must be denied because the inferences to be drawn from the affidavits, when viewed in the light most favorable to the Trustee, who is the party opposing the motion, demonstrate the existence of a genuine issue of material fact as to the debtor's insolvency on the dates of the transfers.

In deciding the motion for summary judgment against the defendant and in favor of the Trustee, the discovery issue is once again before the Court. The Trustee's accountant seeks to include in the final report on the financial condition of the debtor prior to the bankruptcy any relevant information that can be obtained from the files of the defendant. The accountant has

been precluded from doing so by the discovery dispute between the parties.

The defendant's stated reason for opposing the Trustee's discovery request and seeking a protective order is that the Trustee had not come forward with any evidence concerning the insolvency of the debtor. The motion to compel discovery and the motion for a protective order were both filed prior to the motion for summary judgment and the affidavits in connection with the summary judgment motion.

Pursuant to Fed.R.Civ.P. 26(c), the court may grant a protective order for good cause shown and in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. Fed.R.Civ.P. 26(c).

In the case at bench, the defendant's basis for opposing discovery has been largely obviated by the affidavit of the Trustee's accountant. Although the Trustee's accountant has not made available a final report, he has testified that the information currently available to him has enabled him to form an opinion that the debtor was not solvent on October 14, 1980. No other basis for granting a protective order has been set forth by the defendant. Moreover, in the interests of fairness, we find the Trustee should be granted access to all information in the possession of the defendant regarding the solvency or insolvency of the debtor. Therefore, we will grant the motion to compel discovery and deny the motion for a protective order.