In the Matter of Bobby J. BROOKS and Emma L. Brooks, Debtors.

Paul D. GILBERT, Esq., Trustee in Bankruptcy for Bobby J. Brooks and Emma L. Brooks, Plaintiffs,

v.

Chloe BAKER and James Baker, Defendants.

Bankruptcy No. 3–82–02207.
Adv. Nos. 3–83–0255, 3–83–0256.

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 19, 1984.

---

**1.** The court in *Fabmet* addressed this footnote and dismissed it as dicta.

Paul D. Gilbert, Dayton, Ohio, Trustee.

Orville M. Southard, Dayton, Ohio, for defendants.

Gary E. Wright, Fairborn, Ohio, for debtors.

## DECISION

ELLIS W. KERR, Bankruptcy Judge.

These two adversary proceedings were filed in the same estate case 3–82–02207 in which Bobby and Emma Brooks are Debtors. Paul D. Gilbert as Trustee in Bankruptcy for the Debtors is the Plaintiff in each case. In Adversary Proceeding 3–83–0255 the Defendant is Chloe Baker. In Adversary Proceeding 3–83–0256 the Defendant is James Baker.

The complaint in each case is exactly the same in that there is an allegation that during the ninety day period immediately preceeding the filing of the Petition certain sums were paid to the Defendants; that at the time of payment Defendants were creditors of the Debtors and the payment was made on account of an antecedent debt; that the transfer was made while the Debtors were insolvent; that the transfer would enable Defendants, as Creditors, to receive more than the Defendants would have received under the distribution provisions of the Bankruptcy Laws; that the transfers were preferential in nature and void and/or voidable. The prayer is for an Order of the Court declaring said transfer to be void and preferential and granting judgment in favor of the Plaintiff.

The only difference in the complaints is that in AP 3–83–0255 in which Chloe Baker is Defendant, it is alleged that the payment that was made was $2,400.00 but in AP 3–83–0256 in which James Baker is Defendant, the allegation is that the sum paid was $3,600.00.

A Stipulation was filed in each case. The Stipulations were exactly the same except in regard to the amount of money. It is stipulated that during the ninety day period immediately preceeding the filing of the Petition, the Debtors paid to the Defendant James Baker the sum of $3,600.00 and to the Defendant Chloe Baker the sum of $2,400.00. It is further stipulated that at the time the payment was made Defendant was a creditor of the Debtors and the payment was made on account of an antecedent debt owed by the Debtors to the Defendant; that the payment would enable the Defendant, as a Creditor, to receive more than the Defendant would have re-

ceived under the distribution provisions of the Bankruptcy Laws.

Further, the Stipulations indicate that the only point of disagreement and the only issue involved is whether the payments were made while the Debtors were insolvent.

A trial was held and thereafter briefs were filed by both Plaintiff and Defendant, the briefs covering both cases.

At the trial the Debtor, Bobby Brooks, was the only witness. He stated that his wife was not able to be at the trial because she was ill. The attorney for the Defendants did not choose to put on any testimony but rested at the end of the Plaintiff's case.

■ Section 547(f) provides that a Debtor is presumed to have been insolvent on and during the ninety days immediately preceeding the date of the filing of the Petition. The legislative history is clear that although the presumption requires the party against whom the presumption exists to come forward with some evidence to rebut the presumption the burden of proof remains on the party in whose favor the presumption exists.

■ Brooks testified that in May, 1982 the Debtors sold their home for over $14,-000.00 and within a few days thereafter paid the Defendants the money that had been borrowed from Defendants. Brooks further testified that the Debtors had additional revenue from their business from sales during the month of May and was very definite that they were solvent during the month of May, 1982.

There was also testimony that due to illness, hospital and doctor bills and other living expenses in June and July of 1982 their financial position became such that it precipitated the filing of the Bankruptcy Petition on August 5, 1982. Although the Plaintiff Trustee attempted to refute this testimony the Court finds that such testimony was sufficient to rebut the presumption of insolvency. The Court further finds

that the Plaintiff Trustee failed to sustain the burden of proof necessary to enable this Court to grant the relief sought by the Plaintiff.

■ It is recognized that a Trustee has the duty to take whatever action deemed necessary in regard to preferential transfers. Therefore, the Trustee cannot be faulted for the filing of the complaints in these cases. However, there is a question as to the proper follow through in preparation for trial.

The Court is of the opinion that it would be helpful to set out a resume of the history of proceedings in this case.

On May 17, 1983 there was a conference at which there were present Attorney Wright for the Debtors, Trustee Gilbert, and Attorney Southard for the Defendants. At that conference it was agreed that Southard would file an answer for the Defendants and that the matter would be continued for approximately one month for an opportunity to investigate the issue of insolvency at the date of the transfer.

On June 29, 1983 there was another conference attended by Wright, Southard, and Gilbert. At that conference it was agreed that additional time would be required for discovery and the conference would be reset.

On September 6, 1983 there was another conference attended by just Gilbert and Southard at which time it was agreed that a trial would be needed and that Stipulations would be submitted by October 17th.

Another conference was set for February 15, 1984 at which there were no appearances. On the next day my Law Clerk talked to Gilbert who said that he would try to get Stipulations in within the next thirty days.

The Stipulations were not filed until April 6, 1984.

The trial was held August 2, 1984. Present were Attorney Wright for the Debtors, Trustee Gilbert, Attorney South-

ard for the Defendants and the Debtor, Bobby Brooks.

As previously mentioned, Bobby Brooks was the only witness. He was called by the Plaintiff Trustee.

The testimony of Brooks left a lot to be desired. But he is not a Defendant in these cases. At the trial Attorney Gilbert tried to make much of the fact that he had tried to get information from the Debtors through their Attorney Wright but could not get the information that he wanted; that he had also tried to get from them the addresses of four creditors or alleged creditors who were not listed in the schedules.

It is the opinion of this Court that the Plaintiff Trustee should have before going to trial sought discovery proceedings or at least an examination of the Debtors to get the information that he wanted and needed and which really would have been pertinent to the matters at issue in the trial. The Court even made comment at the trial to this effect. The resume set out above in regard to conferences that had been held indicated that one delay was to enable discovery proceedings to be made. Obviously, this was not done.

In the testimony at the trial it developed that the Debtors had moved twice since the address they had given at the time the Petitions were filed. The Court was critical of Mr. Brooks for failure to keep the Court informed of the changes of addresses. Attorney Wright was requested to send a letter to the Court giving the addresses of the Debtors since the time of the filing of the Petition in Bankruptcy. Such a letter was received from Attorney Wright on August 8, 1984.

Comments are now in order in regard to matters stated in the brief of the Plaintiff. The Trustee was critical that in regard to the statement of Brooks that he had more cash than bills, the testimony was never directed to the exact dates of the transfers. Brooks was the witness of the Trustee. If he never directed testimony to the exact dates of the transfers it was the fault of the Trustee.

The Trustee also thought that the testimony of Brooks should not be given significant weight because of obvious bias interest because the transfers were made to Chloe Baker who is the mother of the Debtor, Emma Brooks, and to James Baker, who is the brother of the Debtor, Emma Brooks.

The Trustee also argued that the additional reason for not giving testimony of Bobby Brooks any significant weight is that even though he admitted the existence of other debts he was unable to state the amount of those unlisted debts.

We repeat that the Trustee had had ample opportunity to arrange for an examination before trial to get the details which he now complains that he did not get at the trial.

The same applies to the uncertainty complained of by the Trustee in regard to admitted unlisted debts.

As to the claim of the Trustee that it would not seem reasonable to conclude that the Debtors have adequately rebutted the presumption of insolvency we make the comment that it was the burden of the Plaintiff Trustee to sustain the burden of proof and not the duty of the Debtors. And finally, the Plaintiff Trustee claims that it does not appear reasonable to allow the Debtors to rebut the presumption without producing evidence showing the extent to which the debts did or did not exceed the assets. Again it is not a question of the Debtors rebutting the presumption. It is a question of the Trustee Plaintiff having the burden of proof and taking the necessary steps before trial to determine the extent to which debts did or did not exceed the assets.

A Trustee in Bankruptcy has unusual powers. If the Plaintiff Trustee in this case had exercised those powers to get the necessary information that he needed and should have had to conduct an examination

into details needed to sustain his position in these cases we would not be faced with the unusual situation of going to trial under the circumstances in which these cases went to trial.

There are many cases in which the Trustee in Bankruptcy has followed a procedure of ordering persons into Court for examination and where these persons are Debtors and refused to appear there have been Show Cause proceedings which resulted in the dismissal of the Bankruptcy cases of the Debtors and the Adversary Proceedings pending in such cases have thereby become moot.

Judgment must be rendered in favor of the Defendants.

Entry of Judgment will be entered by a separate document as provided by Rule 9021.