In re ALMARC
MANUFACTURING, INC., Debtor.

Bernard C. CHAITMAN,
Trustee, Plaintiff,

v.

PAISANO AUTOMOTIVE LIQUIDS,
INC., Defendant.

Bankruptcy No. 83B2639.
Adv. No. 85A0232.

United States Bankruptcy Court,
N.D. Illinois, E.D.

April 28, 1986.

See also, D.C., 62 B.R. 684.

Arthur Raphael, Teller, Levit & Silvertrust, Chicago, Ill., for trustee-plaintiff.

Raymond E. Stachnik, Abramson & Fox, Chicago, Ill., for Paisano.

## MEMORANDUM AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

This is an action by a Chapter 11 trustee to recover a prepetition transfer to Paisano Automotive Liquids, Inc. as a preference. No trial was held on the trustee's complaint. Instead, the parties have submitted the matter for decision by the Court on a stipulation of facts.[1]

The relevant facts stipulated by the parties are as follows: On September 21, 1982, Paisano shipped certain goods to the debtor for use in the ordinary course of the debtor's business. On November 23, 1982, the debtor mailed a $63,342.30 check to Paisano to pay for the goods shipped September 21, 1982. This check cleared the debtor's checking account on December 1, 1982. On November 29, 1982, Paisano shipped additional goods to the debtor for use in the

---

1. Paisano had earlier filed a motion to transfer venue. Paisano has its principal place of business in Houston, Texas and had alleged that the transactions involved had taken place there. Paisano has since consented to venue in this district. Stipulation of Facts, No. 4. Venue is proper in this district under 28 U.S.C. § 1409(a). However, the motion for a change of venue is moot.

ordinary course of the debtor's business. The cost of this second shipment was $61,427.00. Under established policy, had Paisano not received payment for the first shipment, it would not have sent the second shipment. The debtor has not paid for the second shipment. On February 28, 1983, the debtor filed a Chapter 11 petition.

■ In this preference proceeding, the trustee seeks to recover the $63,342.30 payment by the debtor for the first shipment. This case raises two issues: 1) Was this initial transfer voidable as a preference; and 2) if so, is the trustee precluded from recovering the transfer by 11 U.S.C. § 547(c), particularly § 547(c)(4). Under 11 U.S.C. § 547(b), for a transaction to be avoidable as a preference the trustee must prove six elements [2]: (1) a transfer of the debtor's property (2) to or for the benefit of a creditor (3) on account of antecedent debt (4) made while the debtor was insolvent (5) on or within 90 days before the filing of the petition (6) which transfer allows the creditor to receive a greater percentage of the debtor's estate than it would have received had the transfer not taken place and had the debtor's assets been liquidated and distributed in a Chapter 7 case. *Matter of Almarc Manufacturing, Inc.,* 52 B.R. 582, 583 (Bankr.N.D.Ill.1985). The only element in dispute here is whether the debtor was insolvent at the time of the December 1, 1982 transfer.[3]

Insolvency for preference purposes requires that at the time of the transfer the fair value of the debtor's assets be less than the amount of the debtor's debts as of that same date. The parties have submitted along with the stipulations of fact an unaudited financial statement of the debtor dated September 30, 1982, prepared by the debtor's then accountant. The financial statement reflects that the debtor had a positive net worth of $1,359,997.87 as of September 30, 1982, after incurring losses of $1,016,769.60 for the fiscal year ending September 30, 1982. The parties have also submitted an affidavit of the accountant who prepared the financial statements. The accountant says the September 30, 1982 financial statements are false in that the assets of the company, specifically the receivables and inventory, are "overstated substantially...." The accountant gave no indication as to the amount of the overstatement. In addition, the accountant specifically said he could express no opinion as to whether the debtor was insolvent or not in an asset-liability sense during the 90 day period preceding the filing of the bankruptcy petition. This is all the evidence before the Court on the issue of insolvency.

■ Of course, it is not unusual to have a dearth of evidence on the issue of insolvency in a preference proceeding under the Bankruptcy Code. That is due to the fact that the debtor is presumed to be insolvent during the 90 days preceding the filing of the petition for preference purposes. 11 U.S.C. § 547(f). However, this presumption is rebuttable. The effect of the presumption of insolvency raised by § 547(f) is defined by Federal Rule of Evidence 301. *See also* Bankruptcy Rule 9017; *In re Art Shirt Ltd., Inc.,* 44 B.R. 523, 525, n. 3 (Bankr.E.D.Pa.1984); S.Rep. No. 95–989, 95th Cong., Notes on the Committee of the Judiciary, *reprinted in* U.S. Code Cong. & Ad.News 5787. Rule 301[4] requires the party against whom the presumption is raised to come forward with

---

**2.** Because the Chapter 11 petition in this case was filed in 1983, the proceeding is governed by § 547 as it read before the Bankruptcy Amendments and Federal Judgeship Act of 1984. *See* Pub.L. 98–353, § 553.

**3.** For purposes of § 547, the transfer in this proceeding took place on the date the debtor's bank honored the check. *Matter of Almarc Manufacturing,* 52 B.R. 582, 583 (Bankr.N.D.Ill. 1985) and cases cited therein.

**4.** Federal Rule of Evidence 301 provides:

In all civil actions and proceedings not otherwise provided for by Act of Congress or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

evidence of the debtor's solvency to meet or rebut the presumption, but it does not shift the burden of proof. In this case, the burden of proving the debtor was insolvent at the time of the transfer remains with the trustee. *In re Alithochrome Corp.,* 53 B.R. 906, 912 (Bankr.S.D.N.Y.1985); *In re A. Fassnacht & Sons, Inc.,* 45 B.R. 209, 210 (Bankr.E.D.Tenn.1984); *Matter of Brooks,* 44 B.R. 963, 965 (Bankr.S.D.Ohio 1984).

■ Here, Paisano has produced sufficient evidence to rebut the presumption and avoid an adverse finding on the issue of insolvency. It has presented a financial statement showing that the debtor had a significant positive net worth some 60 days before the transfer in question. The trustee has offered little to show that the debtor was in fact insolvent as of the date of the transfer in question.[5] The evidence before the Court concerning the debtor's insolvency is the debtor's September 30, 1982 financial statement and the affidavit of the accountant. The financial statement reflects

a positive net worth of $1,359,997.87. The accountant states that this figure is in error and should be lower. He says the receivables and inventory are "overstated substantially." However, the accountant gives no indication as to how much the assets are overstated. The word "substantially" gives no hint. The assets could be overstated by as much as $1,000,000.00, which would certainly be a "substantial overstatement," yet the debtor would still be solvent from a balance sheet standpoint. The result is simply that the trustee has failed to sustain his burden of proving that the debtor was insolvent at the time of the relevant transfer as required by §§ 547(b) and (f).

Because the trustee has failed to establish the insolvency of the debtor, a prerequisite for recovery of a preferential transfer under § 547(b), the Court need not address the additional § 547(c) defenses raised by the Paisano. Judgment is entered in favor of the defendant.[6]

---

**5.** Some 50 preference actions have been filed by the trustee in this case, most of which have already been settled. In many of those prior proceedings, insolvency on or about the date in question was admitted or stipulated to by defendants other than Paisano. Paisano is the first defendant to raise a serious challenge on the issue of insolvency. The previous actions have no relevance to the instant case in regards to the issue of the debtor's insolvency. The trustee is required to prove the insolvency of the debtor in each case in which it becomes an issue. *Columbia Broadcasting System v. United States,* 316 U.S. 407, 418, 62 S.Ct. 1194, 1200, 86 L.Ed. 1563 (1942) (judgments or findings do not bind non-parties to a suit.)

The trustee has also submitted an undated and unsigned report entitled "Trustee's First Narrative Report." The report is undated and unsigned. Even if the trustee wrote it, it is unclear when, if ever, it was filed with the Court or for whom it was prepared or why. The financial information in the report is vague and unsubstantiated, based on guesses and estimates. More importantly, it is unclear what point in time the report purports to describe. Therefore, the report is of no probative value whatsoever. As indicated in the stipulation of facts, the report is nothing more than the trustee's reiteration of his *belief* that the debtor was insolvent on December 1, 1982. The Court has no doubt that the trustee believes the debtor was insolvent on the date of the transfer. However,

it is one thing to believe a fact as true. It is quite something else to prove it.

**6.** In reaching the conclusion it has in this opinion, the Court has focused on the fact that both the accountant's financial statement and the parties' stipulation of facts filed March 26, 1986 leave unresolved the question of the debtor's pre-bankruptcy solvency. The Court assumes that the stipulation represents the current position of the parties on the issue of insolvency, particularly in light of the fact that several of the documents submitted with the stipulation seem to address only that issue. Nevertheless, the Court is also aware that an earlier pleading submitted by Paisano in this adversary proceeding appears to concede that the debtor was insolvent within 90 days of filing its bankruptcy petition. Because of the inconsistencies in the record on this crucial issue, the Court will entertain a post-judgment motion to clarify the question of whether there is in fact a dispute on the question of insolvency. If the Court determines that no dispute exists on the insolvency question, the trustee will have satisfied his burden of proving all of the elements of 11 U.S.C. § 547(b) and have established the fact that Paisano received a preferential transfer. If that happens, the Court will then issue a supplemental memorandum and order addressing the question of whether 11 U.S.C. § 547(c)(4) prevents the trustee from recovering all or any part of that preference.