**In the Matter of UITERWYK CORPORATION, Debtor.**

**UITERWYK CORPORATION, Plaintiff,**

v.

**MAHER TERMINALS, INC., Defendant.**

Bankruptcy No. 83–166.
Adv. No. 83–477.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 16, 1987.

Cindy L. Turner, Stichter and Riedel, P.A., Tampa, Fla., for Uiterwyk Corp.

Edward Gerace, Tampa, Fla., for Maher Terminals, Inc.

### MEMORANDUM OPINION AND FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 11 adversary proceeding is a Complaint to Avoid a Fraudulent Conveyance pursuant to 11 U.S.C. § 548. Uiterwyk Corporation, the Debtor in the above-captioned case (Debtor), seeks to recover the sum of $35,279.61 that was transferred by the Debtor to Maher Terminals, Inc. (Maher), the Defendant. The Court has considered the record, heard arguments of counsel and testimony of witnesses, and finds as follows:

Uiterwyk Corporation, the Debtor, operates as a general agent for ocean shipping companies. In October 1980 the Debtor, as general agent for Egyptian Navigation Lines (Egyptian) and Uiterwyk Lines West Africa (West Africa), and Maher entered into an agreement whereby Maher agreed to provide stevedoring services for Egyptian and West Africa vessels brought into port in Baltimore, Maryland. Pursuant to this agreement Maher provided stevedoring services for Egyptian and West Africa and then invoiced these services either to the name of the ship serviced or the owner of

the ship. The Debtor paid Maher for these services on behalf of Egyptian and West Africa, and then the Debtor debited its accounts with these freighters in the amount paid.

In May, June, and July of 1982, Maher provided stevedoring services for ships sailing for Egyptian and West Africa, and subsequently invoiced these ships for the services. On November 5, 1982, the Debtor issued two checks payable to Maher, one for $13,968.57 and another for $21,311.04 in the total amount of $35,279.61, for the services rendered to Egyptian and West Africa ships in May, June, and July and reflected in the subsequent invoices. It is without dispute that these payments came out of funds belonging solely to the Debtor but were on account of the sole obligations of Egyptian and West Africa; however, the Debtor debited the accounts of Egyptian and West Africa in the amount paid on their behalf and received full credit against what it owed them. On January 27, 1983, 79 days after the payment to Maher, the Debtor filed its Petition for Relief under Chapter 11 in this Court.

The Debtor contends that it is entitled to avoid the November 5, 1982, transfer under § 548 because it received less than a reasonably equivalent value for the payment. The Debtor urges that inasmuch as the debt it paid was the debt of a third party, the consideration for this payment, the discharge of the debt, flowed not to the Debtor but to the third party.

On the other hand, Maher argues that even though the payment was for the debt of another, the Debtor received the benefit of this payment by the credit it received against the monies it owed to Egyptian and West Africa.

While it is clear that the direct benefit of the November 5 payment flowed to Egyptian and West Africa, it is equally clear that the Debtor received a benefit, the adjustment of its debt to Egyptian and West Africa, which constituted reasonable equivalent value. In *Rubin v. Manufacturers Hanover Trust Co.,* 661 F.2d 979, 991 (2d Cir.1981), Judge Kearse held that "a Debtor may sometimes receive 'fair' considera-

tion even though the consideration given for his property or obligation goes initially to a third person." Specifically, a Debtor's discharge of a third party's debt which also discharges its own debt to that third party is sufficient to establish equivalent value for the purposes of § 548. *Rubin, supra,* at 992.

Based on the foregoing, this Court is satisfied that the Debtor received reasonable equivalent value for the payment made to Maher and is therefore not entitled to recover that payment as a fraudulent conveyance.

A separate final judgment dismissing the Complaint will be entered in accordance with the foregoing.