**In re LAWRENCE & ERAUSQUIN, INC., Debtor(s).**

**LAWRENCE & ERAUSQUIN, INC., Plaintiff(s),**

**v.**

**NELSON METAL PRODUCTS CORP., Defendant(s).**

**Bankruptcy No. 87–0085.
Related Case: 87–00069.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Sept. 25, 1987.

David M. Schnorf, Troy L. Moore, Toledo, Ohio, for plaintiff.

Michael B. Adams, Toledo, Ohio, for defendant.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Defendant's Motion for Summary Judgment and Dismissal and Memorandum in Support of Defendant's Motion for Summary Judgment and Dismissal. The Plaintiff has filed a Memorandum in Opposition to Defendant's Motion for Summary Judgment and Dismissal. The Court has reviewed the Motion and Memoranda, as well as the entire record in this case. Based upon that review, and for the following reasons, the Court finds that the Defendant's Motion for Summary Judgment should be Denied.

## FACTS

The facts necessary for a decision on Defendant's Motion for Summary Judgment are fairly simple and do not appear to be subject to dispute. On January 15, 1987, Plaintiff, Lawrence & Erausquin, Inc., filed for protection under 11 U.S.C. Chapter 11. On May 12, 1987, Plaintiff filed an Adversary Complaint to Recover Preferential Payment. This allegedly preferential payment was a garnishment from the Lawrence & Erausquin's bank account within ninety (90) days of the filing of the petition in bankruptcy.

One of the Defendant's defenses is that the Plaintiff was not insolvent at the time of the garnishment. The schedules filed by Lawrence & Erausquin, Inc. reflect debts of One Hundred Ninety-eight Thousand Five Hundred and Fifty-eight Dollars and Forty-four Cents ($198,558.44) and assets of Three Hundred and Nine Thousand Seventy-three Dollars ($309,073.00). Plaintiff has also submitted to the Defendant, in answer to certain interrogatories, a balance sheet which indicated that Lawrence & Erausquin, Inc. had assets of Two Hundred and Ninety-seven Thousand One Hundred and Sixty Dollars ($297,160.00) against Two Hundred and Fifty-two Thousand Seven Hundred and Forty Dollars and Ten Cents ($252,740.10) in liabilities. The Defendant has moved for Summary Judgment based upon the schedules and the balance sheet showing the Debtor not to be insolvent.

The Plaintiff argues that in applying the "balance sheet test", the values assigned by a debtor to assets for a balance sheet or other purposes, are not determinative of their fair valuation. The Plaintiff asserts that much of the Debtor's inventory is listed at cost, but is actually worth much less. The Plaintiff–Debtor argues against Defendant's Motion for Summary Judgment because the question of "fair valuation" presents an issue of material fact which cannot be resolved by merely examining Lawrence & Erausquin's schedules, or their balance sheet.

## LAW

Summary Judgment is properly granted when the Movant can demonstrate that there are no genuine issues of material fact, and that they are entitled to judgment as a matter of law. *See,* Bankruptcy Rule 7056 and Fed.R.Civ.P. 56. However, Movant must be able to demonstrate all the elements of a cause of action in order to prevail. *In re Hartwig Poultry, Inc.,* 57 B.R. 549, 551 (Bankr.N.D.Ohio 1986). A Motion for Summary Judgment must be construed in the light most favorable to the party opposing the Motion. *In re Weitzel,* 72 B.R. 253 (Bankr.N.D.Ohio 1987).

Under 11 U.S.C. § 547(f), the Debtor is presumed to have been insolvent in and during the ninety (90) days immediately preceding the date of the filing of the petition. This presumption is rebuttable. It simply imposes on the transferee the burden of going forward with evidence of solvency to meet or rebut the statutory presumption. *In re Almarc Mfg. Inc.,* 60 B.R. 584, 585 (Bankr.N.D.Ill.1986); *Matter of Georgia Steel, Inc.,* 58 B.R. 153, 156 (Bankr.M.D.Ga.1984); *Matter of Brooks,* 44 B.R. 963 965 (Bankr.S.D.Ohio 1984). If the evidence presented is sufficient to rebut the § 547(f) presumption, the party seeking to avoid the transfer must meet the burden of proof imposed by § 547(g) without the aid of the statutory presumption of insolvency. *In re Almarc Mfg. Inc., supra* at 586; *In re Alithochrome Corp.,* 53 B.R. 906, 912 (Bankr.S.D.N.Y. 1985). In a preference action, the burden of proof is on the moving party to prove all elements by a preponderance of the evidence. 4 *Collier on Bankruptcy* § 547.21[5] at 547–85 (15th Ed.1987); *In re Alithochrome, supra* at 909; *In re Hillcrest Foods, Inc.,* 40 B.R. 360, 362 (Bankr. D.Me.1984); *In re Vasu Fabrics, Inc.,* 39 B.R. 513 515 (Bankr.S.D.N.Y.1984). *But see In re Ace Finance Co.,* 64 B.R. 688, 693 (Bankr.N.D.Ohio 1986) (burden of persuasion is on Movant to prove insolvency by "clear and convincing" evidence).

In the present case, the Defendant has moved for Summary Judgment based on the Debtor's schedules and balance sheet. However, this Court, and many others, have held that the values stated in the

**404**

Petition are not determinative. *In re W.L. Mead, Inc.,* 70 B.R. 651, 655 (Bankr.N.D. Ohio 1986); *In re Ace Finance Co., supra; Matter of Georgia Steel, Inc., supra* at 156; *In re Zuni,* 6 B.R. 449, 451 (Bankr.D. N.M.1980). As stated in *In re Southern Industrial Banking,* 71 B.R. 351, 356 (Bankr.E.D.Tenn.1987): "In applying the Bankruptcy Code definition of insolvency, the Court must make a factual finding as to whether assets at fair valuation exceed debts." In making its factual finding as to the "fair valuation" of the Debtor's assets, the Court will measure the "fair valuation" based upon a hypothetical liquidation of the Debtor's assets over a reasonable period of time. *In re Southern Industrial Banking, supra* at 357. This criteria is different than the one proposed by the Defendant, which would require the Court to adopt the figures in the Debtor's schedules or corporate balance sheets in making a determination of insolvency.

The Memorandum In Opposition to Defendant's Motion for Summary Judgment states that the asset values that the Defendant relies upon in its Motion are actually cost or book values, rather than "fair values" under the Code. Specifically, the Plaintiff points to "on hand" inventory which has been in the possession of the Plaintiff since early 1982. While this inventory is listed at cost or book value, the Plaintiff argues that it is worth only a small fraction of that amount. A supporting affidavit of Denis R. Lawrence, President of the Debtor–Plaintiff, accompanies Debtor's Memorandum.

Accordingly, it appearing that there are genuine issues of material fact remaining in this case, it is

ORDERED that the Defendant's Motion for Summary Judgment and Dismissal be, and is hereby, DENIED.