**John C. JOHNSON & Barbara L. Johnson, Plaintiffs,**

v.

**FIRST NATIONAL BANK, Defendant.**

**Bankruptcy No. 87–9059.**

United States Bankruptcy Court,
N.D. Florida,
Panama City Division.

Dec. 4, 1987.

C. Edwin Rude, Jr., Tallahassee, Fla., for plaintiffs.

Jerry W. Gerde, Panama City, Fla., for defendant.

## MEMORANDUM OF OPINION

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

Plaintiffs, John C. and Barbara L. Johnson, as debtors-in-possession in this case under Chapter 11 of the Bankruptcy Code filed this action to avoid as a fraudulent transfer under Title 11 U.S.C. § 548 a mortgage given to defendant, First National Bank, to secure a loan to B & J Enterprises, Inc., a corporation owned solely by plaintiffs. Both sides have filed cross motions for summary judgment, there being no genuine issues of material fact to be litigated. The motions for summary judgment were heard on August 27, 1987, and the parties filed post-hearing memoranda of law. Upon consideration of the record, arguments of counsel, affidavits submitted by both parties, and memoranda of law, the Court makes the following findings of fact and conclusions of law:

On May 8, 1986, plaintiffs obtained a loan from First National Bank in the amount of $33,000 for and in the name of B & J Enterprises, Inc. d/b/a G & H Homes Center. The Johnsons jointly owned 100% of the stock of B & J Enterprises, Inc. The Johnsons personally guaranteed the loan and as collateral, they gave First National Bank a mortgage on their personal residence. B & J Enterprises, Inc. subsequently defaulted on its loan obligations, and First National Bank instituted proceedings to foreclose the mortgage on the Johnson's residence. The foreclosure action was stayed when, within one year of the date of the loan and the execution of the mortgage, the Johnsons jointly filed a personal Chapter 11 case. The Johnsons filed the instant adversary proceeding seeking to avoid as a fraudulent transfer the mortgage given to First National Bank on their personal residence.

In order to avoid the transfer of the mortgage under § 548, the Johnsons must show that they received less than a reasonably equivalent value in exchange for the transfer and that they were insolvent on the date of the transfer or became insolvent as a result of the transfer. If the debtors-in-possession fail to satisfy either of these requirements, defendant is entitled to summary judgment.

In bringing this action the Johnsons contend that they did not receive reasonably equivalent value in exchange for the transfer of the mortgage on their house since it was the corporation and not themselves who received all of the loan proceeds. This argument is without merit. It is well settled that a debtor need not benefit directly in order to receive reasonably equivalent value for a transfer. He may benefit indirectly through benefit to a third person. *Williams v. Twin City Co.*, 251 F.2d 678, 681 (9th Cir.1958), *Klein v. Tabatchnick*, 610 F.2d 1043, 1047 (2d Cir. 1979), *Rubin v. Manufacturer's Hanover Trust Co.*, 661 F.2d 979, 991 (2d Cir.1981). "If the consideration given to a third person ultimately landed in the debtor's hands, or if the giving of the consideration to the third person otherwise confers an economic benefit upon the debtor, then the debtor's net worth has been preserved ...". *Rubin v. Manufacturer's Hanover Trust Co., Id.*

The Johnsons and B & J Enterprises, Inc. also share identity of economic interests such that the Johnsons share the benefit conferred on the corporation. *In re Royal Crown Bottlers of North America, Inc.*, 23 B.R. 28 (Bkrtcy.N.D.Ala.1982). A loan to a subsidiary corporation will almost always confer a benefit on the parent or stockholders of the corporation since they are the indirect beneficiaries of anything of value coming to the corporation. The only remaining question is the adequacy of the consideration received.

The Johnsons further argue that the value they received through the loan to their corporation was not reasonably equivalent to the value of the interest transferred to the bank since they had a $55,000 equity in their house and the loan was only $33,000. This argument must also fail. The extent of the interest transferred is only the amount of the loan secured by the mortgage, not the value of the property encumbered. Thus, the Johnsons did, in fact, receive full value for the transfer.

 Finally, debtors-in-possession argue that because they guaranteed "the payment of any amounts owed under th[e] note" of May 8, 1986, but did not guarantee the June 11, 1986, consolidation of that obligation with a previous loan, they are "absolved ... of liability as personal guarantors of the May 8, 1986 loan." This argument is not persuasive, and no supporting authority was cited. Moreover, because both loans were secured by the Johnsons' residence, and the June 11, 1986 loan was further secured by inventory, equipment, general intangibles, and accounts and other rights to payment, the absence of a personal guarantee on the latter agreement is of no consequence.

Because the debtors-in-possession failed to satisfy the reasonably equivalent value requirement of § 548(a)(2), there is no need to decide the insolvency question. There being no genuine dispute as to any material fact and the defendant being entitled to judgment in its favor as a matter of law, it is accordingly,

ORDERED AND ADJUDGED that plaintiffs' motion for summary judgment be, and it is hereby, denied.

IT IS FURTHER ORDERED AND ADJUDGED that the defendant, First National Bank's Amended Motion for Summary Judgment be, and it is hereby, granted. A separate final judgment will be entered in accordance with the foregoing.