In re **PEMBROKE DEVELOPMENT CORPORATION, Debtor.**

**PEMBROKE DEVELOPMENT CORPORATION, Plaintiff,**

v.

**COMMONWEALTH SAVINGS & LOAN ASSOCIATION, a Federal Savings and Loan Association under the conservatorship of Resolution Trust Corporation, Defendant.**

**Bankruptcy No. 90–26406–BKC–SMW. Adv. No. 90–0582–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

March 4, 1991.

See also 124 B.R. 396.

Raymond Ray, Fort Lauderdale, Fla., for plaintiff.

John Genovese, Miami, Fla., for defendant.

### FINDINGS OF FACT AND CONCLUSION OF LAW

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE having come before the Court upon the complaint of Pembroke Development Corporation (the "debtor") against Commonwealth Federal Savings & Loan Association (the "creditor") to avoid a Loan Modification Agreement as a preference or alternatively as a fraudulent conveyance, and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusion of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a, b) and the district court's general order of reference. This is a core proceeding in which this Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(F).

On October 10, 1986, the creditor made a loan to the debtor in the original amount of $4,075,000.00 for the acquisition, development and construction of a project commonly referred to as Tanglewood Lakes South. This construction loan was secured by a mortgage on the real property of the debtor and was guaranteed by Albert Miller, the president, director, and sole shareholder of the debtor. The debtor also guaranteed another loan between the creditor and Pembroke Charter Corporation. Pembroke Development Corporation and Pembroke Charter Corporation are both wholly owned and controlled by Albert Miller.

On January 31, 1990, the debtor entered into a Modification Agreement with the creditor. Under the agreement, the debtor agreed to pay to the creditor the sum of $150,000.00 and an extension fee of $4,500.00 in return the creditor deferred the interest payments on the loan until maturity and extended the maturity date on the loan to November 1, 1990. The creditor also agreed to forebear from foreclosing against the debtor as guarantor on the loan between the creditor and Pembroke Charter Corporation.

On September 12, 1990, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The debtor then instituted this adversary proceeding seeking to avoid the Modification Agreement as a fraudulent conveyance pursuant to 11 U.S.C. § 548 or alternatively as a preference pursuant to 11 U.S.C. § 547.

■ Section 548 of the Bankruptcy Code provides, in relevant part, as follows:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business or a transaction or was about to engage in business or a transaction, for which any property remaining with the debtor was unreasonably small capital; or

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

The trustee or debtor in possession has the burden of proving each element of a fraudulent transfer claim by a preponderance of the evidence. *In re Minnesota Utility Contracting, Inc.*, 101 B.R. 72 (Bankr.D. Minn.1989).

The debtor argues, under § 548(a)(2)(A), that the Modification Agreement may be avoided as a fraudulent conveyance. The debtor asserts that it did not receive any value from the creditor in exchange for the execution of the agreement. The debtor contends that the consideration for the Modification Agreement was the creditor's forbearance of foreclosure on the loan between Pembroke Charter Corporation and the creditor. Therefore, the consideration if any, was received by Pembroke Charter Corporation, which was a third party to the transaction.

■ In general, transfers made solely for the benefit of third parties do not constitute "reasonably equivalent value" for purposes of § 548 of the Bankruptcy Code. *In re Vadnais Lumber Supply, Inc.*, 100 B.R. 127 (Bankr.D.Mass.1989); *In re Minnesota Utility Contracting, Inc.*, 101 B.R. 72 (Bankr.D.Minn.1989). In determining whether a debtor received reasonably equivalent value for an obligation incurred as part of an alleged fraudulent transfer, a bankruptcy court must examine all aspects of the transaction and carefully measure the value of all benefits and burdens to the debtor, direct or indirect. *In re Vadnais Lumber Supply, Inc.*, 100 B.R. at 136.

■ This Court recognizes that an indirect benefit to the transferor may be sufficient to establish reasonably equivalent value where the debtor and third party "are so related or situated that they share an identity of interests because what benefits one will, in such case benefit the other to some degree." *In re Minnesota Utility Contracting, Inc.*, 101 B.R. at 85; *In re Ear, Nose and Throat Surgeons, Inc.*, 49 B.R. 316, 320 (Bankr.D.Mass.1985). In the case at hand, part of the consideration given by the creditor for the execution of the Modification Agreement was its forbear-

ance of foreclosure on a loan that the creditor had made to Pembroke Charter Corporation. However, the debtor and Pembroke Charter Corporation are wholly owned and controlled by the same person. Additionally, the debtor guaranteed the loan between Pembroke Charter Corporation and the creditor. Therefore, the creditor's forebearing of foreclosure on its loan with Pembroke Charter Corporation indirectly benefited the debtor since it was liable as a guarantor on the loan.

The creditor also gave additional consideration for the execution of the Modification Agreement by deferring interest payments and extending the maturity date on the original loan between the debtor and the creditor. Therefore, the Court finds that the debtor has received reasonably equivalent value in exchange for the execution of the Modification Agreement. Based on the foregoing, the Modification Agreement may not be avoided as a fraudulent conveyance under 11 U.S.C. § 548.

■ The creditor alternatively argues that the Modification Agreement may be avoided as a preference pursuant to § 547 of the Bankruptcy Code. Avoidance and recovery of preferential transfers is governed by 11 U.S.C. § 547(b) which provides as follows:

(b) Except as otherwise provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

(B) between ninety days and one year before the date of the filing of the petition if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

A debtor in possession is vested with all the rights, powers and duties of a trustee serving under the Bankruptcy Code. 11 U.S.C. § 1107. Accordingly, a debtor in possession has standing to prosecute a preference action under § 547(b). *See In re Wilson,* 77 B.R. 532 (Bankr.W.D.Va. 1987).

■ The burden of proving the avoidability of a preferential transfer falls upon the plaintiff, who must prove each element of a preferential transfer by a preponderance of the evidence. *In re Lawrence & Erausquin, Inc.,* 80 B.R. 402 (Bankr.N.D.Ohio 1987).

■ The main issue before the Court is whether the debtor was insolvent at the time of the transfer. A debtor is presumed to be insolvent on and during the ninety days preceding the date of the filing of the bankruptcy petition. 11 U.S.C. § 547(f). Since the transfer which the debtor alleges to be preferential occurred approximately eight months before the debtor's petition in bankruptcy was filed, there is no presumption that the debtor was insolvent at the time of the transfer. Therefore, the debtor has the burden of proving insolvency at the time of the transfer. *In re Lawrence & Erausquin Inc.,* 80 B.R. at 402; *In re Schick Oil & Gas, Inc.,* 35 B.R. 282 (Bankr. W.D.Okla.1983).

■ A debtor is insolvent for preferential purposes when the fair value of his liabilities exceeds the fair value of his assets. *In re F.H.L. Inc.,* 91 B.R. 288 (Bankr.D.N.J.1988); 11 U.S.C. § 101(31). Fair value of a debtor's assets is determined by estimating what the debtor's assets would realize if sold in a prudent manner in current market conditions. *In re F & S Central Manufacturing Corp.,* 53 B.R. 842 (Bankr.E.D.N.Y.1985).

■ In the case at hand, the Court took judicial notice of the schedules to the bank-

ruptcy petition filed by the debtor. The summary of debts and property indicate that at the time of filing the bankruptcy, the debtor's property was valued at $24,379,181.44, and the debtor's liabilities were listed as $20,454,017.94. As such, the value of the debtor's property exceeded the value of the debtor's liabilities by $3,925,163.50, thereby rendering the debtor solvent at the time the petition was filed.

The debtor argues that the values of the properties listed on the schedules are not accurate since the stated values of the properties were based on projections of what the undeveloped properties would be worth if the debtor had the available financing and opportunity to retain the properties for a period of two to five years to complete development during that period of time. The debtor contends that the actual values of the properties are substantially less than the sum of the liabilities listed on the schedules since market conditions made it impossible for the debtor or any prospective purchaser to obtain the financing necessary to complete development of the properties.

Although the debtor contends that the value of the properties listed on the schedules are not accurate due to current market conditions, the debtor has not met its burden of proof on the question of insolvency. The debtor failed to introduce any evidence, such as appraisals or opinion testimony, to indicate to the Court the actual values of the real properties were at the time the Modification Agreement was executed. Accordingly, this Court finds that the debtor has not proven by a preponderance of the evidence that it was insolvent at the time the transfer was made as required by 11 U.S.C. § 547(b).

Based on the foregoing, this Court finds that the transfer by the debtor to the creditor may not be avoided under 11 U.S.C. § 547(b).

The Court shall enter a separate Final Judgment consistent with the findings herein.