**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 31 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:  JESSE JUNIOR SHERMAN
and DORIS MAYE SHERMAN,

Debtors.

_____

JESSE JUNIOR SHERMAN; DORIS
MAYE SHERMAN,

Plaintiffs-Appellants,

v.

P. J. ROSE,

Defendant-Appellee.

No.  00-8052
(D.C. No. 99-CV-80)
(Adversary No. 97-2044)
(D. Wyo.)

ORDER AND JUDGMENT   *

Before **HENRY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellants Jesse Junior Sherman and Doris Maye Sherman appeal from an order of the district court affirming a bankruptcy court order granting judgment for appellee P. J. Rose on appellants' claim for fraudulent conveyance. We affirm.

In 1954, the Shermans purchased a house in Casper, Wyoming (the Casper property). [1] Beginning in 1965, they rented the house to tenants. Their last tenant departed in 1989, and the Shermans received no income from the property after that date.

In 1968, the Shermans opened a mobile home business called Sherman Trailer Transportation. They later started two other businesses, Restway Trailer Park (Restway), and a trucking business called Maranatha Trucking. Their expansion into the trucking business did not go well, and in July 1994, the Shermans filed Chapter 11 bankruptcy, which was converted to a Chapter 7 bankruptcy in April 1995. They later dismissed this first bankruptcy case in July 1995.

---

[1]    The record variously describes the street address of the property as 501 Kearney, 502 Kearney, or 1501 Kearney. The legal description appears to be Lot 245, Fort Casper Addition, City of Casper. The date the Shermans acquired the property is identified in the record as either 1945 or 1954. These minor factual discrepancies do not affect our analysis.

Due to their financial difficulties, the Shermans did not pay the 1991 real estate taxes on the Casper property when they became due. As a result, Rose acquired a tax deed to the Casper property on August 9, 1995, for approximately $450.

The Shermans filed a second bankruptcy on February 20, 1996, which was confirmed on July 14, 1997. They then brought this adversary proceeding against Rose, seeking to recover the Casper property. Through prior decisions of the bankruptcy court and the Tenth Circuit Bankruptcy Appellate Panel, all of the Shermans' claims against Rose were dismissed, with the exception of their claim of fraudulent conveyance brought pursuant to 11 U.S.C. §§ 548 and 550.

Under § 548, a bankruptcy trustee may avoid a transfer, whether voluntary or involuntary, made within one year prior to the date of filing a petition, if the debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation" and "was insolvent on the date that such transfer was made . . . or became insolvent as a result of such transfer." *Id.* § 548(a)(1)(B)(i), (ii)(I). It is undisputed, for purposes of this appeal, that the approximately $450 Rose paid for the tax deed was less than a reasonably equivalent value for the Casper property. The issue we face, therefore, is whether the Shermans were insolvent on the date of the transfer.

"In reviewing a district court's decision affirming the decision of a bankruptcy court, this court applies the same standards of review which governed the district court. The bankruptcy court's findings of fact will be rejected only if clearly erroneous. Its conclusions of law, however, are reviewed *de novo*." *Tulsa Energy, Inc. v. KPL Prod. Co. (In re Tulsa Energy, Inc.)*, 111 F.3d 88, 89 (10th Cir. 1997) (quotation omitted).

The Bankruptcy Code defines insolvency as a "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at fair valuation," exclusive of exempt property and fraudulent transfers of a type not at issue here. 11 U.S.C. § 101(32). The bankruptcy court determined that the Shermans had net assets on August 9, 1995, (the date of transfer) valued at $310,205, and liabilities valued at $310,652. Although these figures show that the Shermans' liabilities exceeded their assets by approximately $450, the bankruptcy court assigned an "ongoing business value" to the Shermans' business ventures which it found undoubtedly exceeded the $450 difference between their assets and liabilities. Therefore, it determined that the Shermans were not insolvent on August 9, 1995.

The Shermans attack this finding of solvency. They contend that in reaching its decision, the bankruptcy court relied on matters outside the record that were neither presented nor argued by Rose, and were not subject to rebuttal

or cross-examination. They also argue that if this evidence is excluded, the bankruptcy court's findings of fact are clearly erroneous and its conclusion incorrect as a matter of law.

1. Internal Revenue Service debt

The Shermans entered into evidence a summary of their debts in which they calculated the amount due to the Internal Revenue Service at $152,748.16. The bankruptcy court, noting that the Shermans had treated the IRS debt as disputed and scheduled it at $50,000, valued the debt using a balance sheet from the confirmed plan, not entered into evidence in the adversary proceeding, showing that the claim was later amended to $75,745.

The Shermans claim the district court was prohibited from relying on the balance sheet because it was not entered into evidence in the adversary proceeding. In assessing whether a debtor was insolvent at the time of a transfer, however, a bankruptcy court may take judicial notice of schedules to the bankruptcy petition filed by the debtor. *Pembroke Dev. Corp. v. Commonwealth Sav. & Loan Ass'n (In re Pembroke Dev. Corp.)*, 124 B.R. 398, 401-02 (Bankr. S.D. Fla. 1991). It may even take notice of schedules, averments and statements filed in prior bankruptcy cases. *Weatherbee v. Willow Lane, Inc. (In re Bestway Prods., Inc.)*, 151 B.R. 530, 539-41 (Bankr. E.D. Cal. 1993), *aff'd*, 165 B.R. 339 (9th Cir. BAP 1994) (table); *cf. Mansell v. Carroll*, 379 F.2d 682, 683 (10th Cir.

1967) (approving use of judicial notice, in fraudulent conveyance proceeding, of result in prior fraudulent conveyence proceeding involving debtor's conveyance of neighboring property). The bankruptcy court did not err by taking judicial notice of the balance sheet from the Shermans' bankruptcy case.

The Shermans also argue that use of the amended $75,745 figure for the IRS debt is incorrect because it does not accurately reflect the amount due as of the transfer date. Upon careful review of the record, we have determined that the bankruptcy court's valuation of the IRS debt was not clearly erroneous.

2. Valuation of Restway

In their summary of assets, the Shermans valued Restway at $150,000, the amount they claimed was offered to the Chapter 7 trustee in the first bankruptcy for a proposed sale. The bankruptcy court found, however, that the offer was actually $165,000, and that Restway should be valued in this amount. The Shermans do not argue that this figure for the proposed sale price is factually incorrect; rather, they claim (1) there was no evidence of the $165,000 figure in the record in the adversary proceeding and the district court should not have adopted it by taking judicial notice from the bankruptcy files, and (2) the $165,000 proposed sale figure overstated the trailer park's value on the transfer date. As we have previously stated, the bankruptcy court was entitled to take judicial notice of facts contained in the bankruptcy file. Moreover, use of the

$165,000 figure was not clearly erroneous, in light of the Shermans' valuation of Restway at $400,000 in the disclosure statement and Mrs. Sherman's testimony that a similar trailer park had been sold in the Cheyenne, Wyoming area for $400,000 in 1994, and that she had disputed the $150,000 figure at the time of the proposed sale as being too low.

3. "Going business value"

The Shermans complain that the bankruptcy court improperly attributed a "going business value" to the assets. They argue that the evidence does not support that attribution. The issue of whether a business is a going concern, and the value to be attributed to a business as a going concern, is one to be made by review of "the entire financial picture of the debtor." *Gillman v. Scientific Research Prods. Inc. (In re Mama D'Angelo, Inc.*, 55 F.3d 552, 555 (10th Cir. 1995). Having reviewed the entire record, we are satisfied that the bankruptcy court's findings on this issue are not clearly erroneous.

4. Notice under Fed. R. Evid. 201

The Shermans argue that if the district court chose to rely on evidence that it judicially noticed, it should have first provided them notice and an opportunity to respond under Fed. R. Evid. 201(e). Rule 201(e) states that "[a] party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." The rule goes on to

say, however, that "[i]n the absence of prior notification, the request may be made *after* judicial notice has been taken." *Id.* (emphasis added); *see also King Res. Stockholders' Protective Comm. v. Baer (In re King Res. Co.),* 651 F.2d 1326, 1337 (10 th Cir. 1980). The Shermans had the opportunity to be heard on the judicial notice question by addressing the district court with a motion under Fed. R. Civ. P. 59(e). They did not do so. Therefore, they did not avail themselves of the procedural provisions of Rule 201(e) and have waived their objection to being denied an opportunity to be heard. *See generally Edwards v. Hurtel*, 724 F.2d 689, 690 (8th Cir. 1984) (stating party must raise challenge to judicial notice before trial court in first instance).

The judgment of the United States District Court for the District of Wyoming is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge