**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 23, 2003**

**Charles R. Fulbruge III**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

**No. 02-10940**
_____

**IN RE: ERSTMARK CAPITAL CORPORATION**

**Debtor,**

------------------------------

**WILLIAM H. RANDALL; T.A. TORO,**

**Appellants,**

**versus**

**ERSTMARK CAPITAL CORPORATION,**

**Appellee.**

_____

Appeal from the United States District Court
for the Northern District of Texas
Civil Docket 3:01-CV-2524-M
_____

Before JONES and CLEMENT, Circuit Judges and FELDMAN, District
Judge.[*]

PER CURIAM:[**]

        This appeal arises out of an adversary proceeding brought

by Erstmark Capital Corporation ("Erstmark") against William H.

Randall, Theodore A. Toro, Erstmark Merchant Bankers ("EMB"), and

_____

[*]District Judge of the Eastern District of Louisiana,
sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Erstmark Mortgage Corporation ("Mortgage"). Erstmark brought several claims against Randall and Toro, including claims for avoidance of fraudulent transfers, avoidance of preferential transfers, and breach of fiduciary duty. The bankruptcy court entered judgment in favor of Erstmark on its claims. The court awarded Erstmark $1,449,494,83 in damages (including $50,000 in exemplary damages) against Randall. The court also awarded Erstmark $242,000 in damages (including $50,000 in exemplary damages) against Toro. On appeal, the district court affirmed.

Randall and Toro incorporated Erstmark. Toro was the Chairman of the Board, Secretary, and Treasurer of Erstmark. Randall was President, Chief Executive Officer, and a director of Erstmark. The bankruptcy court found that Randall and Toro transferred money from Erstmark to themselves or otherwise used Erstmark funds to pay their personal obligations. The bankruptcy court rejected Randall's and Toro's contention that these transfers were repayments of loans made by Randall and Toro to Erstmark.

Specifically, the bankruptcy court found that in the four years prior to the filing of the bankruptcy petition, Randall had withdrawn $126,321.97 from Erstmark's accounts via checks made payable to cash and another $650,273.32 by counter withdrawals. Also, the bankruptcy court identified $622,899.54 of Erstmark's funds that were used to pay Randall's personal obligations. The

2

bankruptcy court also identified $192,000 paid by Erstmark to Toro that was not supported by any business purpose.

"Bankruptcy court rulings and decisions are reviewed by a court of appeals under the same standards employed by the district court hearing the appeal from bankruptcy court; conclusions of law are reviewed de novo, findings of fact are reviewed for clear error, and mixed questions of fact and law are reviewed de novo." Century Indem. Co. v. NGC Settlement Trust (In re National Gypsum Co.), 208 F.3d 498, 504 (5th Cir. 2000). Under a clear error standard, this court will reverse "only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been made." Walker v. Cadle Co. (In re Walker), 51 F.3d 562, 565 (5th Cir. 1995) (quoting Allison v. Roberts (In re Allison), 960 F.2d 481, 483 (5th Cir.1992)). This court must give "due regard . . . to the opportunity of the [bankruptcy] court to judge the credibility of the witnesses." Hibernia Nat'l Bank v. Perez (In re Perez), 954 F.2d 1026, 1027 (5th Cir. 1992) (quoting Fed. R. Civ. P. 52(a)).

The bankruptcy court found that the transfers to Randall and Toro were avoidable transfers under Tex. Bus. & Com. Code Ann. §§ 24.005(a)(1), 24.006(a), 24.006(b), and 11 U.S.C. §§ 547-548. Randall and Toro appeal the bankruptcy court's findings and conclusions as to each of these bases for recovery.

3

Randall and Toro challenge the bankruptcy court's conclusion that the conveyances to them were fraudulent under section 24.006(a) which provides that

> [a] transfer made . . . by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made . . . if the debtor made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer . . . and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer. . .

Tex. Bus. & Com. Code Ann. § 24.006(a) (Vernon 2002). Randall and Toro argue that the bankruptcy court erred in finding that Erstmark was insolvent at the time of the transfers and that Erstmark did not receive reasonably equivalent value for the transfers.

Under the Texas Uniform Fraudulent Transfer Act "[a] debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets at a fair valuation." Tex. Bus. & Com. Code Ann. § 24.003(a) (Vernon 2002). The fair value is determined by "estimating what the debtor's assets would realize if sold in a prudent manner in current market conditions." Orix Credit Alliance, Inc. v. Harvey (In re Lamar Haddox Contractor, Inc.), 40 F.3d 118, 121 (5th Cir. 1994) (quoting Pembroke Dev. Corp. v. Commonwealth Sav. & Loan Ass'n, 124 B.R. 398, 402 (Bankr. S.D. Fla. 1991)). An asset's fair value may not be equivalent to its book value on an entity's balance sheets. Id.; see also Lawson v. Ford Motor Co. (In re Roblin Indus., Inc.), 78 F.3d 30, 36 (2d

4

Cir. 1996).  Insolvency is a finding of fact reviewed for clear error.  Orix Credit Alliance, Inc., 40 F.3d at 120.

We hold that the bankruptcy court did not clearly err in finding that Erstmark was insolvent at the time of the transfers. Randall and Toro argue the bankruptcy court erred because the only evidence proffered by Erstmark as to its insolvency was Erstmark's balance sheets contained in its federal tax returns filed from 1994 forward showing that its liabilities were greater than its assets. While the balance sheets alone may not be sufficient evidence to support an insolvency finding, they can provide, "in some circumstances, competent evidence from which inferences about a debtor's insolvency may be drawn."  Lawson, 78 F.3d at 36.

In this case, the balance sheets indicate that Erstmark's liabilities consistently exceeded its assets.  Additionally, Steve Gummer, Erstmark's Chief Financial Officer, testified that Erstmark had been insolvent from 1993 forward.  Gummer also testified that starting in 1993 Erstmark's expenses exceeded its revenue and prevented Erstmark from purchasing new notes which it could then resell.  Thus, Erstmark's financial situation became more and more precarious.  Erstmark also notes that when it filed its Amended Summary of Schedules with the bankruptcy court, it listed liabilities of $8.2 million and assets of $1.8 million on the petition date.  Id. at 24-25.  The schedules require that assets be listed at market value, not book value.  Sleepy Valley, Inc., 93

5

B.R. at 928 n.5.  Based on this evidence, we cannot say that the bankruptcy court clearly erred in finding that Erstmark was insolvent at the time of the transfers.

Randall and Toro also argue that the bankruptcy court erred in refusing to find that the payments made by Erstmark were repayments of loans they made, and the loans constituted reasonably equivalent value for the transfers.  Specifically, Randall and Toro argue that they in fact loaned $3.3 million to Erstmark over the years.  A finding regarding reasonably equivalent value is reviewed for clear error.  <u>Texas Truck Ins. Agency v. Cure (In re Dunham)</u>, 110 F.3d 286, 289 (5th Cir. 1997).

The bankruptcy court did not clearly err on this point.  First, there is no documentation to support the existence of loans by Randall and Toro to Erstmark.  The written promissory notes to which appellants point were executed about 1990 with a three-year maturity date.  At trial, Gummer testified that the transfers to Randall and Toro were booked in Erstmark's records to accounts for loans made by Randall and Toro.  Gummer testified, however, that while Randall and Toro did provide some funds to Erstmark, the transfers from Erstmark to them exceeded any amounts they put into Erstmark.  Finally, Erstmark's tax returns for 1992-1994 and 1996 indicate there were no outstanding loans from Randall and Toro to Erstmark.  The bankruptcy court was entitled to credit this evidence over that furnished by appellants.

6

Since the bankruptcy court did not clearly err in its factual findings, its judgment in favor of Erstmark comports with section 24.006(a). Thus, we need not address appellants' arguments regarding the alternative bases upon which the bankruptcy court entered judgment except for Erstmark's breach of fiduciary duty claim, which is the sole basis to support the award of exemplary damages in favor of Erstmark.

Randall and Toro argue that the judgment cannot be sustained based upon Erstmark's breach of fiduciary duty theory. They make two arguments. First, they argue that the transfers of money to them from Erstmark were repayment for loans they had previously made to Erstmark. This argument fails for the reasons already noted.

Randall and Toro also argue that many of the challenged transfers occurred outside the then-applicable two-year statute of limitations for breach of fiduciary duty. See Kansas Reinsurance Co. v. Congressional Mortgage Corp., 20 F.3d 1362, 1374 (5th Cir. 1994) (Texas statute of limitations for breach of fiduciary duty is two years). This argument is incorrect. In 1999, Texas enacted a statute stating that the statute of limitations for breach of fiduciary duty is four years. Tex. Civ. Prac. & Rem. Code § 16.004(a)(5) (Vernon 2002). Under Texas law section 16.004(a)(5) is retroactive. Rice v. Louis A. Williams & Assocs., 86 S.W.3d 329, 335-36 (Tex. App. – Texarkana 2002, pet. denied). Therefore,

the statute of limitations did not bar recovery for breach of fiduciary duty based upon the transfers, and it did not err in awarding exemplary damages.

For the foregoing reasons, we affirm the judgment in favor of Erstmark.

**AFFIRMED.**